**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| YASANTE FOY, Individually and as Special Administrator and Special Representative of the Estate of MARK HAYNIE JR., deceased,      Plaintiff, | ) <br> ) <br> ) <br> ) <br> ) Case No. 1:15-cv-03720 |
| vs. | ) <br> ) |
| CITY OF CHICAGO, a Municipal Corporation and CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN and DONALD BANKS, Individually and as agents, servants, and/or employees of the CITY OF CHICAGO | ) Honorable Judge Ruben Castillo <br> ) <br> ) <br> ) Magistrate Judge Brown <br> ) <br> ) <br> ) |

## <u>SEVENTH AMENDED COMPLAINT AT LAW</u>

NOW COMES the plaintiff, YASANTE FOY, Individually and as Special

Administrator, and Special Representative of the Estate of MARK HAYNIE JR., deceased, (a

minor) her attorneys TYLER LAW OFFICES, complaining of defendants' CITY OF

CHICAGO, a Municipal Corporation and Chicago Police Officers, CEDRIC WHITE, DARRYL

JOHNSON, TIM PHILBIN, and DONALD BANKS, Individually and as agents, servants, and/ or

employees of CITY OF CHICAGO, and states as follows:

### A. INTRODUCTION

1.     MARK HAYNIE JR., a minor was injured by the conduct of CEDRIC WHITE, DARRYL

JOHNSON, TIM PHILBIN, and DONALD BANKS, Individually and as agents, servants, and/ or

employees of the CITY OF CHICAGO, which resulted in his death on July 13,2011.

### B. PARTIES

2.     Plaintiff, YASANTE FOY is mother of MARK HAYNIE JR..., and is the duly

appointed Special Administrator and Special Representative of the Estate of MARK HAYNIE

JR, having been so appointed by the Circuit Court of Cook County, Law Division to act in that

capacity. Plaintiff is a citizen of the State of Illinois and resides in Cook County. MARK

HAYNIE JR., was a 17 year old male. At the time of the subject death, HAYNIE was a detainee

at 11th DISTRICT HARRISON POLICE STATION.

3.      Defendants, CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD

BANKS of the City of Chicago, are duly sworn CHICAGO POLICE OFFICERS, in the City of

Chicago, County of Cook.

4.      At all times relevant herein CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and

DONALD BANKS were employed by the CITY OF CHICAGO and the defendants are being

sued individually and in their official capacity.

5.      That at all times pertinent hereto the CITY OF CHICAGO, was a municipal corporation

established and operating under the laws of the United States and the State of Illinois, and

through its operations, established and organized the Chicago Police Department.

6.      At all times relevant, the individuals and official defendants CEDRIC WHITE,

DARRYLJOHNSON, TIM PHILBIN, and DONALD BANKS were acting under color of law, of

a statute, ordinance, regulation, custom, or usage, and within the scope of their defendant

institutions.

## C. JURISDICTION

1.      The court has jurisdiction over the lawsuit because the action arises under 28 U.S.C. §1331

and §1343, and they arise under the Fourth and Fourteenth Amendments to the Constitution of the

United States and 42 US.C. §1983. The court has supplemental jurisdiction over the lawsuit

under 28 U.S.C. §1367 over Plaintiffs state law claims because Plaintiffs claims are so related to

the claims within the court's original jurisdiction that they form part of the same case or

controversy under Article 3 of the United States Constitution.

## D. VENUE

1.      Venue is appropriate in the Northern District of Illinois, Eastern Division, pursuant to 28 US.C. § 1391 (b); as all of the events complained of occurred in Cook County, located within this district.

## E. FACTS

1.      At all times alleged herein, defendant CITY OF CHICAGO, was a municipal corporation existing under and by virtue of the laws of the State of Illinois.

2.      At all times alleged herein, the defendant, CITY OF CHICAGO employed various Police Officers and supervisors to perform any and all of the duties required of the office of the Chicago Police Department.

3.      That on July 13, 2011, the defendants CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS, were employees of the City of Chicago.

4.      That on or about July 13, 2011, and for all times stated herein defendant CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS were agents, servants, and/ or employees of the Chicago Police Department, and were acting within the scope of their employment.

5.      That on July 13, 2011, and for a longtime prior thereto the CITY OF CHICAGO owned, operated, maintained, and controlled a Police Station (hereinafter referred to as HARRISON DISTRICT POLICE STATION) located at 3151 W. Harrison Street Chicago, Illinois.

6.      That on July 13, 2011,  Officers RUBEN DELVALLE, JEFFERY FRIEDLIEB, arrested MARK HAYNIE JR.. and later transported him to the HARRISON DISTRICT

POLICE STATION where he was placed in police custody, and in a lock up. CEDRIC WHITE DARRYL JOHNSON ,TIM PHILBIN, and DONALD BANKS were the lock up keepers on duty during the Plaintiffs lock up.

7.      On or about July 13, 2011, the Defendants RUBEN DELVALLE, JEFFERY FRIEDLIEB, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS inflicted physical, and emotional harm to the Plaintiffs Decedent, MARK HAYNIE JR.., a minor.

8.      On or about July 13, 2011, the Plaintiffs Decedent, MARK HAYNIE JR..., a minor, after being arrested, his physical condition became medically dangerous while in custody of the CITY OF CHICAGO and its agents and/or employees CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BA KS.

9.      On or about July 13, 2011, the Defendants, CITY OF CHICAGO, CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS, themselves created and/ or contributed to said danger to the Plaintiff's Decedent.

10.     On or about July 13, 2011, the Defendants CITY OF CHICAGO, by and through its agents and/ or employees, including but not limited to CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS, knew or should have known that the Plaintiffs Decedent, MARK HAYNIE JR.., was in need of medical attention.

11.     On or about July 13, 2011 and at all times relevant, it was the duty of the CITY OF CHICAGO, by and through its agents and/ or employees, including but not limited to CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS, failed to obtain reasonable, appropriate and follow up medical care on behalf of the Plaintiff's Decedent, MARK HAYNIE JR.., when they knew or should have known from their observations that he was in need of reasonable medical attention.

12.     On or about July 13, 2011, the Defendants CITY OF CHICAGO, by and through its

agents and/or employees, including but not limited to CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS, failed to summon or provide access to timely medical attention for the plaintiffs Decedent when said medical attention would have been effective to save his life.

13.     On or about July 13, 2011, the above described conduct of the Defendants, CITY OF CHICAGO, CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS, was reckless, and said Defendants acted in a manner that showed an utter indifference to or conscious disregard for the safety of the Plaintiff's Decedent, MARK HAYNIE JR., a minor.

14.     On or about July 13, 2011 the Defendants, CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS were aware or should have been aware of MARK HAYNIE JR...'s special status as a Minor child but not withstanding that status willfully and wantonly placed MARK HAYNIE JR.. into the adult populous at 11TH DISTRICT HARRISON POLICE STATION.

15.     That on or about July 13, 2011 detainees at the 11TH DISTRICT HARRISON POLICE STATION, called for the assistance of officers, personnel or staff, due to the deteriorating health of MARK HAYNIE JR., but no one came to assist.

16.     On or about July 13, 2011, as a proximate result acts or omissions by the Defendant, CITY OF CHICAGO, by and through its agents and/ or employees CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS, and each of them individually, Plaintiffs Decedent, MARK HAYNIE JR., suffered injuries of a personal and pecuniary nature which resulted in his death.

17.     That at the aforesaid time and place, defendants, CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS assumed custody and control of the plaintiff, but failed to respond to MARK HAYNIE JR's complaints that he was not feeling well, and that he needed

medical attention, moreover that the Defendants knew or should have known that the plaintiff MARK HAYNIE JR. required close monitoring, and medical attention.

18.     That at the aforesaid time and place, defendants CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN and DONALD BANKS were informed by other detainees at 11TH DISTRICT HARRISON POLICE STATION that MARK HAYNIE JR. was not feeling well, had trouble breathing, and that his medical condition was deteriorating, moreover that MARK HAYNIE JR.. needed medical attention.

19.     That while MARK HAYNIE JR. was detained at the 11th District , defendants showed unreasonable and deliberate indifference to Plaintiff's serious medical needs, when they with intentional malice, willfulness and recklessness were deliberately indifference to his rights and serious medical needs, when as an another detainee expressed during an interview with an investigator for the Independent Police Review Authority, Mr. Hayine after seeking assistance from officers present was told to "shut the fuck up and lie down" by a an unidentified police officer on duty at the 11th District before his ultimate death.

20.     That on July 13, 2011 while in the lock up of the Chicago's Police HARRISON DISTRICT POLICE STATION MARK HAYNIE JR., a minor was found unconscious and later died.

21.     That at all times complained of herein CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS were aware or made aware of MARK A. HAYNIE JR's deteriorating medical condition, but willfully failed to timely act to prevent the plaintiff's medical condition from deteriorating.

22.     That on July 13, 2011 and at all times relevant stated herein defendants CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS were liable for the their negligent acts, and were acting within the course, and the scope of their employment.

23. At all times relevant herein it was the duty of the defendants CEDRIC WHITE, DARRYL JOHSON, TIM PHILBIN, and DONALD BANKS to refrain from negligent or willful and wanton conduct.

24. That the defendant CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS and the CITY OF CHICAGO failed to provide timely access to medical care for the plaintiff prior to his death.

25. The failure of the defendants to provide access to or appropriate medical care for MARK HAYNIE JR. constituted complete, deliberate, indifference to HAYNIE's serious medical needs.

26. As a direct and proximate result of the defendants' negligent and careless indifference to MARK HAYNIE JR.'s serious medical needs, MARK HAYNIE JR. was caused to suffer great pain, mental anguish and death.

27. That at all times relevant herein, MARK HAYNIE JR. was in the exercise of due care and caution for his own safety and well-being.

## COUNT I
## WRONGFUL DEATH
## CHICAGO POLICE OFFICERS

1. That the plaintiff YASANTE FOY is the mother of MARK HAYNIE JR.., deceased and has been appointed Special Administrator, and Special Representative of the Estate of MARK HAYNIE JR. A copy of the order appointing YASANTE FOY is attached hereto.

2. That on or about July 13, 2011, plaintiff MARK HAYNIE JR.'s, was a resident of the City of Chicago, County of Cook, State of Illinois.

3. That on July 13, 2011, the defendants CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS, were employees of the City of Chicago.

4.     That on or about July 13, 2011, and for all times stated herein defendants CEDRIC WHITE, JEFFERY FRIEDLIEB, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS were agents, servants, and/ or employees of the Chicago Police Department, and were acting within the scope of their employment.

5.     That on July 13, 2011, and for a longtime prior thereto the CITY OF CHICAGO owned, operated, maintained, and controlled 11TH DISTRICT HARRISON POLICE STATION.

6.     That on July 13, 2011, defendants CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS arrested MARK HAYNIE JR. and later transported him to the 11TH DISTRICT HARRISON POLICE STATION where he was placed in police custody and in a jail cell.

7.     That at the aforesaid time and place, defendants, CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DO ALD BANKS assumed custody and control of the plaintiff, but failed to respond to MARK HAYNIE JR..'s complaints that he was not feeling well, and that he needed medical attention, moreover, the Defendants knew of should have known that the plaintiff MAIK HAYNIE JR required close monitoring, and medical attention.

8.     That on July 13, 2011 while in custody of the Chicago Police Department MARK HAYNIE JR. was found unconscious and later died.

9.     That at all times complained of herein CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS were aware of MARK HAYNIE JR.'s deteriorating medical condition, but failed to timely act to prevent the Plaintiff's medical condition from deteriorating.

10.     That on July 13, 2011 and at all times relevant stated herein defendants CEDRIC WHITE, DARRYLJOHNSON, TIM PHILBIN, and DONALD BANKS were liable for their negligent acts and were acting within the course, and the scope of their employment.

11.     At all times relevant herein it was the duty of the defendants CEDRIC WHITE, TIM PHILBIN, and DONALD BANKS to refrain from negligent conduct.

12.     That at the aforesaid time and place the plaintiff MARK HAYNIE JR. was exercising reasonable care for his own safety.

13.     That at said time, place, the defendants CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS, breached their aforementioned duties and were guilty of one or more of the following negligent acts or omissions:

       (a) Willfully and wantonly ignored the serious medical needs of the decedent; and/or

       (b) Willfully and wantonly failed to bring the decedent's condition to the attention of competent medical personnel so that he could be properly diagnosed and/ or treated; and/ or

       (c) Willfully and wantonly failed to provide timely access to medical treatment for a serious condition of which they were aware; and/ or

       (d) Willfully and wantonly failed to adequately monitor the plaintiff condition while in police custody;

14.     That as a direct and proximate result of one or more of the foregoing Willful and wanton acts or omissions by the defendants CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS, plaintiff, MARK HAYNIE JR. suffered severe mental and physical pain, medical expenses and death.

       WHEREFORE, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180 /1 et. Seq., plaintiff YASANTE FOY, in her capacity as Special Administrator, and Special Representative of the Estate of MARK HAYNIE JR., deceased, demands judgment against Defendants, CEDRIC WHITE, DARRYLJOHSON, TIM PHILBIN, and DONALD BANKS, Individually and as an agents, servants, and/or employees of the CITY OF CHICAGO, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT II
## WRONGFUL DEATH
## CITY OF CHICAGO

1-4     Plaintiff realleges and incorporates by reference each and every allegation in paragraphs of

Count I as though fully set forth herein.

5.      That on July 12, 2011 Chicago Police officers RUBEN DELVALLE,

JEFFERY FRIEDLIEB, arrested MARK HAYNIE JR. and later transported him to the 11TH

DISTRICT HARRISON POLICE STATION where he was placed in police custody and in a jail

cell.

6.      That at the being transported to the 11th DISTRICT HARRISON POLICE STATION,

defendants, CITY OF CHICAGO and CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN,

and DONALD BANKS assumed custody and control of the plaintiff, but failed to respond to

MARK HAYNIE JR. complaints that he was not feeling well and medical attention, moreover the

defendants knew of should have known that the plaintiff MARK HAYNIE JR. required close

monitoring, and medical attention.

7.      That on July 13, 2011 while in custody of the Chicago Police Department MARK

HAYNIE JR was found unconscious and later died.

8.      That at all times complained of herein CITY OF CHICAGO and CEDRIC WHITE,

DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS were aware of MARK HAYNIE

JR. deteriorating medical condition, but negligently and carelessly failed to timely act to prevent the

plaintiffs medical condition from deteriorating.

9.      That on July 13, 2011 and at all times relevant stated herein defendants, CITY OF

CHICAGO and CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD

BANKS were liable for the their negligent acts, and were acting within the course and the scope of

their employment.

10.     At all times relevant herein it was the duty of the defendants, CITY OF CHICAGO and CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS to refrain from negligent and or willfully and wanton conduct.

11.     That at the aforesaid time and place the plaintiff MARK HAYNIE JR. was exercising reasonable care for his own safety.

12.     That at said time and place the defendants, CITY OF CHICAGO and CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS breached their aforementioned duties and were guilty of one or more of the following Willful and wanton acts or omissions:

     (a) Willfully and wantonly ignored the serious medical needs of the decedent; and/or

     (b) Willfully and wantonly failed to bring the decedent's condition to the attention of competent medical personal so that he could be properly diagnosed and/or treated; and/ or

     (c) Willfully and wantonly failed to provide timely access to medical treatment for a serious condition of which they were aware; and/ or

     (d) Willfully and wantonly failed to adequately monitor the plaintiff condition while in police custody; and/ or

13.     That as a direct and proximate result of one or more of the foregoing willful and wanton acts or omissions by the defendants CITY OF CHICAGO and R CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD  BANKS plaintiff, MARK HAYNIE JR. suffered severe mental and physical pain, medical expenses and death.

     WHEREFORE, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et. Seq., plaintiff Y ASANTE FOY, in her capacity as Special Administrator, and Special Representative of the Estate of MARK HAYNIE JR.., deceased, demands judgment against Defendants, CITY OF CHICAGO in a sum in excess of FIFTY THOUSAND

DOLLARS ($50,000.00), plus costs.

## COUNT III
## SURVIVAL COUNT
## CHICAGO POLICE OFFICERS

1.      That MARK HAYNIE JR. survived for a period of time while in police custody.

2.      That while in police custody MARK HAYNIE JR., for a long period of time

complained and needed medical attention. The CEDRIC WHITE, DARRYL JOHNSON, TIM

PHILBIN, and DONALD BANKS never responded to the plaintiff until his medical condition

deteriorated. The plaintiff suffered anxiety, fear, and conscious pain and suffering. He also suffered

physical and emotional pain and other intangible losses such as the loss of life, loss of life's pleasures

and the loss of future earning capacity all as a direct and proximate result of the negligent acts

and/or omissions of the defendants CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN,

and DONALD BANKS.

WHEREFORE, plaintiff YASANTE FOY, in her capacity as Special Administrator, and

Special Representative of the Estate of MARK HAYNIE JR., deceased demands judgment

against Defendants CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD

BANKS, individually and as agents, servants, and/ or employees of the CHICAGO POLICE

DEPARTMENT and an award in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00)

plus costs.

## COUNT IV
## SURVIVAL COUNT
## CITY OF CHICAGO

1.      That MARK HAYNIE JR. survived for a period of time while in police custody.

2.      That while in police custody MARK HAYNIE JR..., for a long period of time

complained and needed medical attention. The CITY OF CHICAGO never responded to the

plaintiff until his medical condition deteriorated. The plaintiff suffered anxiety, fear, and

conscious pain and suffering. He also suffered physical and emotional pain and other intangible

losses such as the loss of life, loss of life's pleasures and the loss of future earning capacity all as

a direct and proximate result of the negligent acts and/or omissions of the defendants,

CITY OF CHICAGO.

WHEREFORE, plaintiff YASANTE FOY, in her capacity as Special Administrator, and

Special Representative of the Estate of MARK HAYNIE JR.., deceased demands judgment

against Defendant CITY OF CHICAGO and an award in a sum in excess of FITY THOUSAND

DOLLARS ($50,000.00) plus costs.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST CHICAGO POLICE OFFICERS

1.      The above conduct by the individual defendants, CHICAGO POLICE OFFICERS was

extreme and outrageous, exceeding all bounds of human decency.

2.      Defendants performed the acts detailed above with the intent of inflicting severe

emotional distress or with knowledge of the high probability that the conduct would cause such

distress.

3.      As a direct and proximate result of this conduct, plaintiff MARK HAYNIE JR. did in fact

suffer emotional distress, resulting in injury to his mind, body, and nervous system, including

loss of sleep, mental anguish, nightmares, and I or excruciating physical pain and emotional

suffering.

WHEREFORE, plaintiff YASANTE FOY, in her capacity as Special Administrator, and

Special Representative of the Estate of MARK HAYNIE JR.., deceased demands judgment

against Defendants RUBE DELVALLE, JEFFERY FRIEDLIEB, DARRYL JOHNSON, TIM

PHILBIN, and DONALD BANKS, individually and as agents, servants, and Zor employees of the

CHICAGO POLICE DEPARTMENT and an award in a sum in excess of FIFTY THOUSAND

DOLLARS ($50,000.00) plus costs.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST CITY OF CHICAGO

1.      The above conduct by the individual defendants, CITY OF CHICAGO was extreme

and outrageous, exceeding all bounds of human decency.

2.      Defendants performed the acts detailed above with the intent of inflicting severe

emotional distress or with knowledge of the high probability that the conduct would cause such

distress.

3.      As a direct and proximate result of this conduct, plaintiff MARK HAYNIE JR. did in fact

suffer emotional distress, resulting in injury to his mind, body, and nervous system, including

loss of sleep, mental anguish, nightmares, and/ or excruciating physical pain and emotional

suffering.

        WHEREFORE, plaintiff YASANTE FOY, in her capacity as Special Administrator, and

Special Representative of the Estate of MARK HAYNIE JR., deceased demands judgment against

the CITY OF CHICAGO, in an excess amount of FIFTY THOUSAND DOLLARS ($50,000.00),

plus costs.


## COUNT VII
## 42 USC §1983 MONELL CLAIM FOR DELIBERATE INDIFFERENCE CHICAGO
## (Chicago Police Officers)

1.      That at all relevant times mentioned herein, Defendants CEDRIC WHITE, DARRYL

JOHNSON, TIM PHILBIN, and DONALD BANKS were employed by the Chicago Police

department and had the duty to oversee and protect the constitutional rights of detainees at 11TH

DISTRICT HARRISON POLICE STATION.

2.      That all relevant times mentioned herein, Defendants CEDRIC WHITE, DARRYL

JOHNSON, TIM PHILBIN, and DONALD BANKS was acting under color of law.

3.     Defendants CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD

BANKS, failed to meet their constitutional obligation to maintain and provide continuing adequate

and appropriate monitoring, supervision, medical care and medical treatment of the Plaintiff while in

their custody, in the following ways;

(a) Despite having notice of Plaintiff's need for medical treatment, and of the seriousness of

his medical requirements, Defendants failed to provide reasonable and appropriate medical care;

(b) Followed practices, policies, procedures and an overall culture at the 11th District under

which detainees with serious medical conditions, like Plaintiff, are not provided any real medical

assistance but merely transported to hospital, given a medical clearance form is provided and then

brought to the lockup facility in order to await processing;

4.     Defendants CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD

BANKS, failed to meet their constitutional obligation to maintain and provide continuing adequate

and appropriate medical care and treatment of Plaintiff at 11TH DISTRICT HARRISON POLICE

STATION, in the following ways:

(a) Despite having notice of Plaintiffs need for medical treatment, and of the seriousness of

his medical need, Defendants refused to ensure that Plaintiff received timely medical

attention;

(b) Failed to adequately screen or assess incoming the Plaintiff's health situation;

(c) Despite the pleas for assistance from detainees at HARRISON DISTRICT POLICE

STATION on behave of the plaintiff, officers failed to monitor, supervise or otherwise provide

adequate medical care for the Plaintiff;

(d) Showed unreasonable and deliberate indifference to Plaintiff's serious medical needs,

with intentional malice, willfulness, and reckless and deliberate indifference to his rights;

(e) Followed practices, policies, procedures and an overall culture under which detainees with serious medical conditions, like Plaintiff, were routinely and frequently ignored or otherwise denied proper or adequate medical care at 11TH DISTRICT HARRISON POLICE STATION;

(f) Encouraged future abuses toward the detainees by failing to report, discipline or punish other employee misconduct that resulted in inadequate medical treatments for inmates in some instances death;

WHEREFORE, plaintiff YASANTE FOY, in her capacity as Special Administrator, and Special Representative of the Estate of MARK A. HAYNIE JR, deceased, by and through his attorneys, TYLER LAW OFFICES, respectfully requests that this Court enter judgment in her favor and against Defendants, CEDRIC WHITE, DARRYL JOHNSON, TIM PHILBIN, and DONALD BANKS, DARRYLJOH SON, TIM PHILBIN, and DONALD BANKS, Individually and as an agents, servants, and/or employees of the CITY OF CHICAGO,, awarding compensatory damages, punitive damages, and attorneys' fees associated with prosecution of this lawsuit as authorized in 42 USC §1983.

Respectfully submitted,
/s/Timothy R. Tyler

Timothy R. Tyler
Plaintiff Counsel

Timothy R. Tyler
Jesse R. Tyler
Attorney for the Plaintiffs
TYLER LAW OFFICES
120 West Madison -Suite 204
Chicago, Illinois 60606
312-920-1745