## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| YASANTE FOY, Individually and<br>as Special Administrator and Special<br>Representative of the Estate of Mark<br>Haynie Jr., deceased,<br><br>      Plaintiff,<br><br>      v.<br><br>CITY OF CHICAGO, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 15 C 3720<br><br>Chief Judge Rubén Castillo |

### ORDER

Plaintiff has filed a "renewed motion to file an amended complaint," (R. 105), two days before the scheduled pretrial conference, and one week before trial. In essence, Plaintiff seeks to add an entirely new defendant to this case, Office Cedric White. Plaintiff made an identical request last week, which this Court denied due to Plaintiff's failure to demonstrate due diligence or lack of prejudice for purposes of Federal Rule of Civil Procedure 15(a). The present motion fails for the same reason.

"Under Federal Rule of Civil Procedure 15(a)(2), a court should grant leave to amend a pleading 'when justice so requires.'" *Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016). "However, the court need not allow an amendment when there is undue delay [or undue prejudice to the opposing party." *Id.* (citation and internal quotation marks omitted). The decision whether to grant leave to amend is firmly committed to the Court's discretion. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015).

In seeking to excuse her delay, Plaintiff suggests that Defendants tried to "conceal" the existence of this officer from her, but this argument borders on frivolous. (*See* R. 105 at 3.)

Plaintiff is relying on written discovery responses Defendants provided in 2013, which did not list Officer White as having been present at the station when Plaintiff's son passed away, although Defendants indicated in those responses that their investigation was ongoing. (R. 105-2 at 5.) Since the time of those discovery responses, Plaintiff has conducted extensive discovery, including taking the deposition of numerous officers involved in these events. She provides no reason to believe that she could not have learned of Officer White's presence simply by asking these officers who else was at the station on the date in question.

Indeed, Officer White's presence at the station (albeit on a shift that ended before Plaintiff's son passed away) is hardly a secret, as he was formally interviewed as part of the police's internal investigation conducted in 2013. It is clear that Plaintiff has a copy of Officer White's interview transcript in her possession, as she attached it in support of an earlier, unrelated filing. (*See* R. 95-1.) Although it is not entirely clear when Plaintiff received this document, discovery closed in this case in November 2016, and at no time has Plaintiff argued that Defendants failed to disclose any documents until after that date. Defense counsel stated on the record last week that Plaintiff has been aware of Officer White's existence for three years. Plaintiff had no response to this statement then, and she still offers no adequate justification for failing to add Officer White as a defendant at some earlier point in this long-running case. Her eleventh-hour request fails to demonstrate diligence.

The Court also rejects Plaintiff's cursory argument that Defendants will suffer no "undue prejudice" if the Court permits the amendment. (R. 105 at 5.) Plaintiff is not seeking to make a minor alteration in the complaint; she is seeking to add an entirely new party on the eve of trial, and she intends to assert a variety of claims against this officer seeking both compensatory and punitive damages. Indeed, by operation of the Federal Rules of Civil Procedure, Officer White's

answer to the amended complaint would not even be due until after the trial is over. *See* FED. R. CIV. P. 12(a)(1)(A). Forcing Defendants and their counsel to revise their trial strategy and defend an entirely new party only days before trial can hardly be deemed inconsequential.

Nor would it be appropriate for the Court to postpone the trial and reopen discovery at this late stage, because this case has already been significantly delayed. Plaintiff's son died nearly seven years ago, and this removed case was originally filed in state court in July 2011. (*See* R. 1.) The complaint has been through six revisions. The parties have engaged in extensive discovery and motion practice, retained experts, and submitted all of their pretrial filings. The Court has already issued rulings on a number of pretrial matters. Under these circumstances, Plaintiff has failed to demonstrate a lack of prejudice to Defendants if the Court were to permit this significant, last-minute amendment.

For these reasons, Plaintiff's "renewed motion to file an amended complaint" (R. 105) is DENIED.

ENTERED:

**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: March 8, 2017**

3